1
2
3          UNITED STATES DISTRICT COURT
4          NORTHERN DISTRICT OF CALIFORNIA
5          OAKLAND DIVISION
6
7  THEOPRIC BLOODSAW,
8              Petitioner,              No. C 13-1349 PJH (PR)
9     vs.                              **ORDER GRANTING LEAVE
                                       TO PROCEED IN FORMA
10  S. RISENHOOVER,                    PAUPERIS, DISMISSING
                                       PETITION, AND DENYING
11              Respondent.            CERTIFICATE OF
   _____/  APPEALABILITY**
12

13          This is a habeas case filed pro se by a state prisoner.  While petitioner sets forth the

14  facts of his conviction, most of the claims in the petition involve conditions of petitioner's

15  confinement, not the fact of his conviction or the length of it, and thus may not be raised in

16  a habeas petition.  *See Badea v. Cox*, 931 F.2d 573, 574 (9th Cir. 1991) (civil rights action

17  is proper method of challenging conditions of confinement); *Crawford v. Bell*, 599 F.2d 890,

18  891-92 & n.1 (9th Cir. 1979) (affirming dismissal of habeas petition on basis that challenges

19  to terms and conditions of confinement must be brought in civil rights complaint).  Petitioner

20  alleges that prison officials are conspiring to overthrow the United States government and

21  conspiring against petitioner.  Petitioner has filed forty-four previous cases in this court.

22          Petitioner's previous habeas petition directed to the same conviction was dismissed

23  with prejudice as barred by the statute of limitations, *see Bloodsaw v. Woodford*, C 06-

24  2929-GHK-E (C.D. Cal. Jan. 19, 2007) (order adopted report and recommendation and

25  dismissing petition with prejudice), so any claims in this petition that might be construed as

26  going to the conviction would be second or successive.  Because petitioner has not

27  obtained an order from the court of appeals allowing him to file a second or successive

28  petition, any habeas claims that might be discerned in the petition are barred.  *See* 28

**United States District Court**
For the Northern District of California

U.S.C. § 2244(b)(3)(A).  In short, the petition must be dismissed.  Due to the frivolous nature of this action and the large amount of similar cases filed by petitioner, the case will not be re-designated as a civil rights action with leave to amend.

Petitioner's motion for leave to proceed in forma pauperis (Docket No. 2) is **GRANTED**.  The petition is **DISMISSED** for the reasons set out above.  Because reasonable jurists would not find the result here debatable, a certificate of appealability ("COA") is **DENIED**.  *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000) (standard for COA).  The clerk shall close the file.

**IT IS SO ORDERED.**

Dated:  April 2, 2013.

_____
PHYLLIS J. HAMILTON
United States District Judge

G:\PRO-SE\PJH\HC.13\bloodsaw1349.dsm.wpd

United States District Court
For the Northern District of California